Kenneth J. FISHER and Bonnie L. Fisher, Surviving Natural Parents of Alicia Fisher, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV 81–71–M.

United States District Court,
D. Montana,
Missoula Division.

March 11, 1982.

E. Eugene Atherton, McGarvey, Lence & Heberling, Kalispell, Mont., for plaintiffs.

Allen R. McKenzie, Asst. U.S. Atty., Butte, Mont., Sandra Jenkins, Torts Branch, Civ. Div., Dept. of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Plaintiffs bring this Federal Tort Claim action for wrongful death of their minor daughter.

The uncontradicted facts, disclosed by the depositions and affidavits, are: The Lee Metcalf National Wildlife Refuge is federally owned and controlled. Portions of it are open to the public free of charge, and the Fish and Wildlife Service conducts guided tours which are booked in advance. As a part of her school's educational program, a teacher at a Missoula school arranged a field trip on the refuge for a group of kindergarten and special education students. On the day of the accident the teacher and an employee of the Fish and Wildlife Service decided that, prior to the field trip, the children would have lunch in the area of a maintenance barn on refuge lands and then take the guided tour of the refuge. During the lunch period some children, in disregard of the warnings of the teacher, played on a snowplow blade. In the course of the play, the blade fell upon plaintiffs' daughter and killed her.

There is no contention that the employees of the United States were willful or wanton, but I do assume that plaintiffs could make a case in negligence against the United States if, under the law of Montana, the status of the decedent were that of an invitee.

Montana law [1] provides:

*Recreational purposes defined.* "Recreational purposes", as used herein, shall include hunting, fishing, swimming, boating, water skiing, camping, picnicking, pleasure driving, winter sports, hiking, or other pleasure expeditions.

*Restriction on liability to licensee.* A landowner or tenant who permits, by act or implication, any person to enter upon any property in the possession or under the control of such landowner or tenant for any recreational purpose without accepting a valuable consideration therefor does not by granting such permission extend any assurance that such property is safe for any purpose or confer upon such a person the status of invitee or licensee to whom any duty of care is owed, and such landowner or tenant shall not be liable to such person for any injury to person or property resulting from any act or omission of such landowner or tenant unless such act or omission constitutes willful or wanton misconduct.

It is the position of the plaintiffs that the purpose of the trip was educational and not recreational; that the Montana statutes, being in derogation of common law, should be strictly construed and, so construed, are not applicable; hence that the decedent was an invitee and that the United States was guilty of negligence and is liable. I do not agree.

■ The only purpose of the recreational use statute is to encourage landowners to make their lands freely available to the public by limiting the landowners' tort liability. While the general purpose of a law may not control the specific unambiguous language of it, policy does give guidance in cases where interpretation is needed. The statute, in defining the term "recreational purpose," uses the terms "picnicking," "hiking," and "other pleasure expeditions." At the time of the accident the decedent was doing the things which are done on a children's picnic although the activities scheduled to occur later were, at least in the minds of the school authorities, educational. Once on another's land, a person is exposed to the same basic risks whether he be a student or a sightseer. Certainly under the facts here there was no difference in risk to the children whether they picnicked or rode a bus as students or sightseers. A visit to a zoo, a museum, or a wildlife refuge may be educational, recreational, vocational, or some combination of all three.

Dictionary definitions of the words "educational," "vocational," and "recreational" are not the same, and if emphasis is placed upon a dictionary application of the words, conclusions contrary to mine would be reached. However, would rigid definitions result in any rational application of the statute? Does a hiker cease to be a hiker because the hiking is incidental to his search for flora? Are conducted tours of

1. MCA §§ 70–16–301—302 (1981).

zoos, museums, or refuges, generally regarded as pleasure expeditions, something different because they are called "field trips" and the participants are expected to learn about monkeys, paintings, or wildflowers, in addition to experiencing pleasure from looking at them? In short, the ordinary uses of the zoo, museum, or refuge are recreational, and masses of people visit them for that purpose alone. Probably most of those motivated by other purposes, such as study or work,[2] also find the expedition pleasurable. Should the burden on the landowner be increased because a visitor of his own will combines a recreational use with some study or work of his own?

 In this case I think the policy of the law is served and the words of it are not violated if it be held that the statute is applicable in any case where the entry is made for what could reasonably be regarded by the general public as a recreational purpose regardless of some different purpose in the mind of a particular user.

For these reasons I believe the recreational use statute is applicable. Defendant's motion for summary judgment is granted.

The clerk will enter judgment denying the plaintiffs all relief.

James E. Beck, Beck & Tyrrell, Canfield, Ohio, Joseph G. Schweider, Meyers, Stevens, & Rea, Cleveland, Ohio, for plaintiffs.

Richard J. French, Asst. U. S. Atty., Cleveland, Ohio, H. Joseph Flynn, Washington, D. C., for defendant Director, FEMA.

---

**2.** I have in mind freelance photography, news reporting, school bus driving, etc.