No. 89-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

SUZANNE KRUEGER GUNNING,

        Plaintiff and Appellant,

   -vs-

GENERAL MOTORS CORPORATION,
a Delaware Corporation,

        Defendant and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
            In and for the County of Cascade,
            The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Dennis Patrick Conner, Great Falls, Montana
        Erik Thueson, Helena, Montana

    For Respondent:

        Curtis G. Thompson and John Stephenson, Jr.; Jardine,
        Stephenson, Blewett & Weaver, Great Falls, Montana
        Kent Hanson, Richard A. Bowman, Kim M. Schmid; Bowman
        and Brooke, Minneapolis, Minnesota

Submitted on Briefs: Aug. 10, 1989

Decided: September 7, 1989

Filed:

_____
           Clerk

Justice R. C. McDonough delivered the Opinion of the Court.


Appellant Suzanne Krueger Gunning appeals the order of the District Court of the Eighth Judicial District, Cascade County, denying her motion for a new trial. The District Court found the record supports the jury's zero damages verdict on her claim for loss of consortium. We affirm.

Suzanne frames one issue for appeal: May a jury award no damages on a loss of consortium claim where the injured party has suffered significant injuries, has been awarded damages for those injuries, and the injured party's spouse brings a claim for loss of consortium?

On February 11, 1985, Andrew Krueger and Suzanne Krueger Gunning filed this action against General Motors Corporation (GM). Andrew was injured in an accident involving a General Motors' vehicle that rendered him a quadriplegic. Andrew's claim was based on strict product liability for failure to warn and unreasonably dangerous design; Suzanne's claim was a derivative action for loss of consortium arising out of Andrew's injuries.

Suzanne and Andrew met in Texas in 1979. The couple exchanged vows informally, Suzanne began using Andrew's last name, and they held themselves out as married. They had a child in June 1980 and moved to Montana shortly afterward. At the time of the accident, the couple and their child were all living together in Great Falls. Thirteen days after the accident, Andrew and Suzanne formalized their marriage in a civil ceremony performed while Andrew was in the hospital.

The evidence presented at trial demonstrated that because of the severity of his injuries, Andrew requires a daily minimum of eight to ten hours of hands-on attendant care with someone available to him on a 24-hour basis. After

2

the accident, Suzanne took an eight month leave of absence from her job in order to care for Andrew. After returning to work, she continued to take care of him until November, 1985, when they were legally separated. The dissolution of their marriage became final on April 3, 1986, a little over a year after the filing of this action. After Suzanne left, Andrew's care was taken over by his parents.

At the close of trial, GM moved for a directed verdict based on lack of evidence to support the existence of a marriage relationship prior to the couple's formal marriage in the hospital. The District Court denied the motion, held there was a common law marriage, and instructed the jury that if they reached a verdict favoring Andrew they could assign a value to Suzanne's loss of consortium in a separate verdict. Although there was much evidence presented at trial regarding the type of care Andrew required and Suzanne provided following the accident, there was little testimony regarding the nature of the marital relationship enjoyed by Andrew and Suzanne prior to the accident. At trial, the jury awarded Andrew $1,293,430.00 in damages on his personal injury claim and zero damages to Suzanne on her claim for loss of consortium. Suzanne moved the District Court to grant a new trial to reconsider the amount of her damages, the court denied her motion and upheld the jury's verdict. The issue is now before this Court on appeal.

In making our determination, we review this case in accordance with the appropriate standard. It is well established that when determining whether the evidence supports the trial court's verdict the reviewing court will only review the evidence to decide if the verdict is supported by substantial evidence. Tope v. Taylor (Mont. 1988), 768 P.2d 845, 45 St.Rep. 2242; Weinberg v. Farmer's State Bank of Worden (1988), 752 P.2d 719, 45 St.Rep. 391;

Wyman v. Dubray Land Realty (Mont. 1988), 752 P.2d 196, 45 St. Rep. 621; Clark v. Norris (Mont. 1988), 734 P.2d 182, 44 St. Rep. 444. This Court will not substitute its judgment for that of a jury with respect to the amount of damages unless it appears that the award is so grossly out of proportion to the injury received so as to shock the conscience of this Court. Kelleher v. State (1972), 160 Mont. 365, 503 P.2d 29; Salvail v. Great Northern Ry. Co. (1970), 156 Mont. 12, 473 P.2d 549; Sheehan v. DeWitt (1967), 150 Mont. 86, 430 P.2d 652.

A cause of action for loss of consortium of the deprived spouse is separate and distinct from the claim of the injured spouse and the basis for such a claim lies in the Montana statutes in which the husband and wife contract for obligations of mutual respect, fidelity, and support. Bain v. Gleason (1986), 223 Mont. 442, 726 P.2d 1153. Section 40-2-101, MCA. Thus, a woman by her marriage obtains a contractual right to consortium. Dutton v. Hightower and Lubrecht Construction Co. (D.Mont. 1963), 214 F.Supp. 298, 300. Consortium includes a legal right to the aid, protection, affection and society of the other spouse. Bain, 726 P.2d at 1155; Dutton, 214 F.Supp. at 300; Wallace v. Wallace (1929), 85 Mont. 492, 516, 279 P. 374, 382. Suzanne established to the trial court's satisfaction a valid marriage, Suzanne then was entitled to offer proof that her contractual right to the aid, protection, affection, and society of Andrew was adversely affected by the accident.

During trial, Suzanne testified concerning the care she provided Andrew and the emotional hardship it caused her. Very little evidence was presented concerning the nature of their marital relationship prior to the occurrence of the accident. The only evidence on the record of this relationship consists of the following testimony:

4

> Question: What sort of marriage did you and Andy have before his accident occurred?
> Answer: We had a very happy and healthy marriage. Very active. We went fishing and camping and hunting and swimming and dancing a lot.

Assessing any damages to Suzanne's consortium necessitates some proof of the established marital lifestyle of the couple prior to the accident. See generally, Am.Jur. 30 POF 73 §§ 17-18. As established in _Bain_, 726 P.2d at 1154-55, a claim for loss of consortium is based on the husband and wife contracting for obligations of mutual respect, fidelity, and support; thus it follows that the claimant must offer proof that these mutual obligations were fulfilled prior to the other spouse's injury, and that due to the injury fulfillment of these obligations has been impaired. In this case no evidence other than the testimony quoted above was offered to establish the nature of the marital relationship enjoyed by Andrew and Suzanne prior to the accident. The only evidence that intimates that this relationship was impaired by the accident is Suzanne's testimony, "we were constantly fighting. The stress was too much. I had to get out of there for our daughter's sake. We did no longer get along." This cursory testimony does not rise to the level of substantial credible evidence upon which the jury could base an award of damages for Suzanne's alleged loss of consortium.

Suzanne relies on several cases from other jurisdictions in contending that an award of zero damages for her claim is improper, thus entitling her to a new trial. See, e.g., Fleming v. Albertson's, Inc. (Fla.Ct.App. 1988), 535 So.2d 682; Stroud v. Govreau (Mo.Ct.App. 1973), 495 S.W.2d 682; Nelson & Budd, Inc. v. Brunson (1985), 173 Ga.App. 856, 328 S.E.2d 746. However, these cases hold that a zero damages verdict on a consortium claim is improper when there was

substantial, undisputed, and unrebutted evidence concerning the impact the injury had on the marital relationship, Fleming, 535 So.2d at 684, when there was substantial evidence to support the claim for loss of consortium, Stroud, 495 S.W.2d at 684, (overruled on other grounds), and when the spouse has presented unrefuted evidence as to loss of consortium. Nelson, 328 S.E.2d at 749. (Emphasis added.) In the present case there was no substantial and unrefuted evidence regarding the injury's impact on the marriage, thus Suzanne's reliance on these cases is misplaced.

While some negative effects on the marriage of Andrew and Suzanne may be implied as a result of the accident, a jury does not base an award of damages on implication or speculation, an award must be based on the substantial evidence presented at trial. We must review the record to decide if the verdict is supported by substantial evidence, - Tope, 768 P.2d at 849; Weinberg, 752 P.2d at 721-722; Wyman, 752 P.2d at 199; Clark, 734 P.2d at 184, and we must review the evidence in the light most favorable to the prevailing party, here the defendant. Stewart v. Fisher (Mont. 1989), 767 P.2d 1321, 46 St.Rep. 116; Rogers v. Hilger Chevrolet Co. (1970), 155 Mont. 1, 465 P.2d 834. In light of the lack of any substantial evidence on the record concerning both the nature of and injury to the Krueger's marital relationship, the jury was entitled to conclude that Suzanne had not met her burden of proving damages on her claim, and the District Court properly denied the motion for new trial.

We affirm the District Court.

_____
Justice

We Concur:

6

_____
          Chief Justice

_____

_____

_____
          Justices