No. 91-428

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JOHN SIMCHUK,

     Plaintiff, Appellant and Cross-Respondent,

-vs-

ANGEL ISLAND COMMUNITY ASSOCIATION, A Montana
Nonprofit Corporation, JOHN/JANE DOES I
through X, ABC COMPANIES, I through X,

     Defendants, Respondents and Cross-Appellants.

---

ANGEL ISLAND COMMUNITY ASSOCIATION,

     Third-Party Plaintiff,

-vs-

BARBARA J. DOBLER,

     Third-Party Defendant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

    For Appellant and Cross-Respondent:

        Michael F. Lamb and Jean E. Faure; Church, Harris,
Johnson & Williams, Great Falls, Montana
Ronald Leighton; Gordon, Thomas, Honeywell, Malanca,
Peterson & Daheim, Tacoma, Washington

    For Respondents and Cross-Appellants:

        Robert J. Emmons; Emmons & Sullivan, Great Falls,
Montana.

    For Third-Party Defendant:

        John R. Gordon; Reep, Spoon & Gordon, Missoula,
Montana.

    For Amicus:

        David R. Paoli; Edwards & Paoli, Billings, Montana.

FILED

JUN -2 1992

Filed: _Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: April 15, 1992

Decided: June 2, 1992

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, John Simchuk, appeals from the judgment notwithstanding the verdict (JNOV) entered in favor of respondent, Angel Island Community Association (Angel Island), by the Nineteenth Judicial District Court, Lincoln County, Montana. Angel Island cross-appeals the District Court's denial of its motion for JNOV on the issue of negligence. Angel Island also cross-appeals the jury verdict in favor of Barbara Dobler, third-party defendant. We reverse in part and affirm in part.

The parties present the following issues for our review:

1. Did the District Court err in entering judgment in favor of Angel Island, notwithstanding the jury verdict for Simchuk, by ruling that Montana's recreational use statute precludes Simchuk's recovery for Angel Island's negligence?

2. Did the District Court err in denying Angel Island's motion for JNOV on the issue of negligence?

3. Was the evidence insufficient to justify the jury verdict for Simchuk and Dobler?

4. Were the general damages awarded by the jury excessive?

Angel Island is an incorporated homeowner's association governing homes and lots located on Bull Lake, near Libby, Montana. Angel Island requires all members to pay annual dues for the maintenance and use of Angel Island's common facilities. Membership dues entitle association members and their guests the use of these common facilities which include a paved and fenced tennis court exclusively reserved for members and their guests. At

2

the time of the accident, the tennis court was equipped with a basketball hoop and free-standing light standards for night playing. Angel Island retains a caretaker for its premises.

On July 1, 1989, John Simchuk, an invited guest of an association member, John Hunter, was injured on Angel Island's property when one of the light standards on the tennis/basketball court fell on him while he was playing basketball. The light standard struck Simchuk's chest and head causing permanent brain damage.

Simchuk brought a personal injury lawsuit against Angel Island alleging negligence. Angel Island filed a third-party complaint against Barbara Dobler alleging that her negligence caused Simchuk's injuries. The negligence issues were submitted to the jury which found in favor of Simchuk and Dobler. The jury found Angel Island negligent in its installation and maintenance of the light standards, and awarded Simchuk approximately $177,000. Additionally, the jury found Dobler negligence free.

After the jury rendered its verdict, Angel Island moved for a JNOV against Simchuk and Dobler. The District Court granted the motion as against Simchuk on the ground that Montana's recreational use statute, § 70-16-302, MCA, precludes Simchuk's recovery. The District Court denied Angel Island's JNOV motions regarding its negligence and the negligence of Dobler. This appeal arises from the granting and denial of these motions.

I.

Did the District Court err in entering judgment in favor of

3

Angel Island, notwithstanding the jury verdict for Simchuk, by ruling that Montana's recreational use statute precludes Simchuk's recovery for Angel Island's negligence?

The standard of reviewing a district court's grant of a judgment notwithstanding a verdict is well-settled.

> The standard of review in appeals from a judgment notwithstanding the verdict made pursuant to Rule 50(b), M.R.Civ.P. is the same as that for review of a motion for a directed verdict, and a directed verdict may be granted only where it appears as a matter of law that a plaintiff could not recover upon any view of the evidence, including the legitimate inferences to be drawn from it.

Wilkerson v. School Dist. No. 15 (1985), 216 Mont. 203, 211, 700 P.2d 617, 622 (citation omitted). In the instant case, the District Court submitted the issues to the jury for a factual determination, but entered judgment notwithstanding the jury's verdict on the basis that Simchuk was not entitled to recover as a matter of law because of Montana's recreational use statutes, §§ 70-16-301 and -302, MCA.

Simchuk maintains that the court erred in applying Montana's recreational use statutes which provide:

> **Recreational purposes defined.** "Recreational purposes", as used herein, shall include hunting, fishing, swimming, boating, water skiing, camping, picnicking, pleasure driving, winter sports, hiking, touring or viewing cultural and historical sites and monuments, or other pleasure expeditions.

> **Restriction on liability of landowner or his agent or tenant.** (1) A person who makes recreational use of any property in the possession or under the control of another, with or without permission and without giving a valuable consideration therefor, does so without any assurance from the landowner, his agent, or his tenant that the property is safe for any purpose. The landowner, his agent, or his tenant owes the person no duty of care with respect to the condition of the

4

property, except that the landowner, his agent, or his tenant is liable to such person for any injury to person or property for an act or omission that constitutes willful or wanton misconduct.

Sections 70-16-301 and -302, MCA.

Section 70-16-302, MCA, limits liability, absent willful and wanton misconduct, for a landowner whose property is used for recreational purposes, subject to several exceptions. In granting JNOV for Angel Island, the District Court found § 70-16-302, MCA, applicable and the exceptions inapplicable. The District Court concluded that Simchuk used Angel Island's recreational facilities for recreational purposes without giving valuable consideration and that he failed to submit evidence of any act or omission by Angel Island constituting willful and wanton misconduct. The District Court applied § 70-16-302, MCA, releasing Angel Island from liability even though the jury found Angel Island negligent. Therefore, Simchuk could not recover from Angel Island.

The overall intent of Montana's recreational use statute is to grant a landowner relief from liability to persons gratuitously entering land for recreational purposes. State ex rel. Tucker v. District Court (1970), 155 Mont. 202, 206-07, 468 P.2d 773, 775. However, if the facts indicate that certain exceptions exist, a landowner's limited liability will be destroyed. Simchuk argues that, in this case, the tennis court upon which he received injury was not open to the public and that valuable consideration was paid for his use of the facilities, thereby rendering § 70-16-302, MCA, inapplicable. We agree.

"The only purpose of the recreational use statute is to

5

encourage landowners to make their lands freely available to the public by limiting the landowners' tort liability." Fisher v. United States (D. Mont. 1982), 534 F.Supp. 514, 515. After reviewing the legislative history, statutory and case law from other jurisdictions, and the definition of "recreational purposes" in § 70-16-301, MCA, it is evident that the recreational use statute applies to land made available for public use. Therefore, if the land upon which an injury occurs is not available for public use, the landowner does not enjoy the protection of limited liability. In the instant case, Simchuk's injury occurred at a private resort on a private tennis/basketball court. This fact alone destroys the protection Angel Island seeks under § 70-16-302, MCA.

Nevertheless, Simchuk also argues that § 70-16-302, MCA, does not shield Angel Island from liability because valuable consideration was paid to Angel Island for his use of the facility. The clear intent of the recreational use statute is to grant landowners relief from liability to any person gratuitously present for any recreational purpose. State ex. rel Tucker, 155 Mont. at 206-07, 468 P.2d at 775. If the landowner receives an economic benefit, the use of the land is not gratuitous.

> [W]here a landowner derives an economic benefit from allowing others to use his land for recreational purposes, the landowner is in a position to post warnings, supervise activities, and otherwise seek to prevent injuries. Such a landowner also has the ability to purchase liability insurance or to self-insure, thereby spreading the cost of accidents over all users of the land. [Footnote omitted.]

Ducey v. United States (9th Cir. 1983), 713 F.2d 504, 511.

6

Angel Island requires members who own, rent, or reside on Angel Island to pay a membership fee which is partially applied to maintenance of the common facilities, including the tennis/basketball court. Angel Island receives an economic benefit for allowing others to use the facilities. This economic benefit provides Angel Island with the ability to spread the risk whether the association member pays the dues or each individual guest pays a fee to use the facilities.

Angel Island argues that the association dues paid by the members do not extend to their guests to destroy Angel Island's protection under the statute. Angel Island argues that in order to retain tort liability, the valuable consideration must flow directly from the injured party to the landowner. We disagree. To retain tort liability, it is not necessary that the ultimate user furnish the consideration. However, the consideration must be paid by someone to create access to the premises for the ultimate user. Twohig v. United States (D. Mont. 1989), 711 F.Supp. 560, 564 (citation omitted). Here, Angel Island requires members, including the Hunters, to pay dues for members and their guests to use the facilities. The Hunters' payment was necessary to create Simchuk's access to the tennis/basketball court. Accordingly, valuable consideration was paid destroying Angel Island's limited liability under the recreational use statute.

We hold that the District Court erred in setting aside the jury verdict in favor of Simchuk based on the Montana recreational use statute. Therefore, we reverse the order of the District Court

7

on this issue and remand for reinstatement of the jury verdict.

II.

Did the District Court err in denying Angel Island's motion for JNOV on the issue of negligence?

Angel Island maintains that the District Court erred in denying its motion for judgment notwithstanding the jury verdict regarding Angel Island's negligence and the negligence of third-party defendant, Barbara Dobler.

As stated in our prior discussion, a district court should grant a JNOV only if it appears that the non-moving party could not recover upon any view of the evidence. Larson v. K-Mart Corp. (1990), 241 Mont. 428, 433, 787 P.2d 361, 364 (citation omitted). The district court must view the evidence in a light most favorable to the non-moving party when considering a motion for judgment notwithstanding the verdict; the court must deny the motion if the non-moving party built a prima facie case or if a substantial conflict in the evidence exists. Nicholson v. United Pac. Ins. Co. (1985), 219 Mont. 32, 37, 710 P.2d 1342, 1345. Only if the evidence presents no room for an honest difference of opinion should a JNOV be granted. Walters v. Getter (1988), 232 Mont. 196, 203, 755 P.2d 574, 578 (citation omitted).

Here the District Court denied various summary judgment and directed verdict motions because a dispute as to the evidence existed which necessarily forced the court to submit the case to the jury. After a thorough review of the record, we conclude that substantial evidence existed in the record from which the jury

8

could resolve the conflicts in the manner in which it did. We hold, therefore, that the court properly denied the motions regarding Angel Island's negligence and Dobler's negligence. We affirm the District Court on this issue.

## III.

Was the evidence insufficient to justify the jury verdict for John Simchuk and Barbara Dobler?

Angel Island maintains that the jury verdict finding Angel Island negligent and Dobler negligence free is error because insufficient evidence existed to support such a conclusion. We disagree.

We recently discussed our function in reviewing jury verdicts. See Silvis v. Hobbs (Mont. 1992), 824 P.2d 1013, 49 St.Rep. 62. It is not the function of this Court to agree or disagree with the jury's verdict. Our function is to determine whether substantial evidence existed to support the verdict. In our examination, we review the facts in the light most favorable to the prevailing parties. If conflicting evidence exists, the credibility and weight given to the evidence is in the jury's province and we will not disturb the jury's findings unless they are inherently impossible to believe. Silvis, 824 P.2d at 1015-16, 49 St.Rep. at 63-64. Our job is complete once we find substantial evidence in the record to support the jury's conclusion.

The record shows that substantial evidence existed supporting the jury's verdict in favor of Simchuk and Dobler. Reviewing the evidence in the light most favorable to the prevailing parties, we

9

direct our analysis to the evidence submitted in favor of Simchuk and Dobler. Simchuk submitted evidence that it was foreseeable that a free-standing light standard could fall, injuring anyone in its path. Simchuk also submitted evidence that it was foreseeable that someone, like Dobler, could act in such a manner to intervene with the standard's stability. Simchuk presented expert testimony regarding the minimal amount of force required to topple the light standard.

Angel Island argued that it was unforeseeable that the prone light standard would be raised by someone, that Dobler would pirouette around that standard, and that the standard would fall and injure a player using the tennis/basketball court for its intended purpose. Angel Island submitted expert testimony that more than minimal force was required to topple the light standard. Angel Island argued that Dobler's actions were a superseding cause, eliminating Angel Island's liability. Angel Island attempted to prove that but for Dobler's actions, Simchuk would not have been injured.

By finding in favor of Simchuk and Dobler, it is obvious the jury chose to believe the evidence presented on behalf of those parties. We will not retry this case simply because the jury chose to believe one side's evidence to the exclusion of the other. Silvis, 824 P.2d at 1016, 49 St.Rep. at 64. We hold that substantial evidence supported the jury's verdict. We affirm the District Court on this issue.

10

IV.

Were the general damages awarded by the jury excessive?

Angel Island maintains that if the jury verdict is reinstated and upheld on appeal, the general damages of approximately $177,000 awarded by the jury are excessive. We disagree.

Section 27-1-317, MCA, provides:

> For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.

The court instructed the jury that reasonable compensation could be awarded for pain and suffering, the reasonable value of purchases necessitated by the injury, reasonable value of medical expenses, and the reasonable value for Simchuk's lost capacity to pursue an established course of life. The jury was not required to itemize their award pursuant to the above categories.

The amount of damages awarded is properly left to the jury; this Court will not substitute its judgment for the jury's unless the amount is so grossly out of proportion as to shock the conscience of this Court. Gunning v. General Motors Corp. (1989), 239 Mont. 104, 107, 779 P.2d 64, 66. We review the record in the light most favorable to the prevailing party to determine if substantial evidence supports the verdict. Gunning, 239 Mont. at 109, 779 P.2d at 67.

Evidence was submitted regarding Simchuk's pain and suffering, his medical care, and his medical prognosis experienced as a result of Angel Island's negligence. Expert testimony revealed that

11

Simchuk suffers from permanent brain damage. This brain damage affects his ability to remember new information. After reviewing the record and realizing the extent of Simchuk's injuries, the jury's award of approximately $177,000 for Angel Island's negligence does not shock the conscience of this Court. We affirm the damages award.

Reversed in part, affirmed in part, and remanded for entry of judgment in conformance with this opinion.

/s/ John Conway Harrison
Justice

We concur:

/s/ J. A. Turnage
Chief Justice

/s/ Tom Trieweiler

/s/ R. C. McDonough

/s/ Karla M. Gray
Justices