DA 06-0188

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 124

THE ESTATE OF TIMOTHY A. HILSTON, by
MARY ANN HILSTON, Personal Representative, and
MARY ANN HILSTON, on her own behalf,

      Plaintiffs and Appellants,

    v.

THE STATE OF MONTANA,

      Defendant and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and For the County of Cascade, Cause No. DV-05-1023,
                  Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Robert J. Vermillion, Smith, Walsh, Clarke & Gregoire, PLLP,
          Great Falls, Montana

          Floyd D. Corder, Corder & Allen, Great Falls, Montana

      For Respondent:

          Elizabeth S. Baker, Hughes, Kellner, Sullivan & Alke, PLLP, Helena, MT

      For Amicus Curiae:

          Jack R. Tuholske, Tuholske Law Office, P.C., Missoula, Montana
          (Montana Wildlife Federation)

                            Submitted on Briefs:  November 28, 2006
                                  Decided:  May 30, 2007

Filed:

                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellant Mary Ann Hilston, personal representative of the estate of Timothy A. Hilston, appeals from the order of the Eighth Judicial District Court, Cascade County, granting summary judgment in favor of the State.   We affirm.

¶2     We consider the following issue on appeal:

¶3     Did the District Court err in granting the State's motion for summary judgment on Mary Ann Hilston's claim that the State is liable for negligent grizzly management in the State's Blackfoot-Clearwater Wildlife Management Area because grizzly bears are not a "condition of the property" pursuant to § 70-16-302, MCA?

## BACKGROUND

¶4     Timothy Hilston (Mr. Hilston) of Great Falls, was hunting elk in the Blackfoot-Clearwater Wildlife Management Area.  Mr. Hilston shot an elk, and while he was field dressing the elk, he was attacked by grizzly bears and was killed.  After Mr. Hilston was reported missing, a search and rescue team searched the area and found his body the next day.  He had died of blood loss from multiple bite wounds.

¶5     An investigation team of both state and federal wildlife investigators was assembled and set traps for the offending bears.  The two grizzly bears that attacked Mr. Hilston, a twelve-year-old female and one cub, were captured.  Both bears, along with the adult bear's other cub of the year, were destroyed.

¶6     The Blackfoot-Clearwater Wildlife Management Area, located in the Blackfoot Valley approximately forty-five miles east of Missoula and near the Bob Marshall Wilderness Area, lies on state and private land, and is open to public access free of

2

charge. Mr. Hilston's attack and subsequent death occurred on state-owned land within the boundaries of Powell County.

¶7 Mr. Hilston's estate, by and through his personal representative and surviving spouse, Mary Ann Hilston (Hilston), filed a complaint in federal court in September 2004, alleging negligence by the State of Montana and the United States Fish and Wildlife Service in the operation, control, leasing, maintenance, and management of grizzly bears, natural resources, land and people in the Blackfoot-Clearwater Wildlife Management Area. The federal court dismissed the complaint for lack of subject matter jurisdiction, concluding that the actions of the U.S. Fish and Wildlife Service fell within the discretionary function exemption to the Federal Tort Claims Act. The court dismissed the supplemental claim against the State of Montana without prejudice to the Plaintiff's right to re-file in state court.

¶8 Hilston filed her complaint in state court on September 6, 2005. The State filed a motion for summary judgment, based on a stipulation of facts submitted by the parties. The District Court heard the motion on January 31, 2006, and ruled from the bench that the State was entitled to judgment as a matter of law under the Recreational Use Immunity Act. Hilston appeals.

**STANDARD OF REVIEW**

¶9 We review a district court's grant of summary judgment *de novo*. *Casiano v. Greenway Enterprises, Inc*., 2002 MT 93, ¶ 13, 309 Mont. 358, ¶ 13, 47 P.3d 432, ¶ 13. The party moving for summary judgment must demonstrate that there are no genuine issues of material fact. *Bruner v. Yellowstone County*, 272 Mont. 261, 264, 900 P.2d 901,

3

903 (1995). Once this is accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue of fact does exist. *Bruner*, 272 Mont. at 264, 900 P.2d at 903. If there is no genuine issue of material fact, this Court reviews the district court's conclusions of law to determine whether its interpretation of the law is correct. *MacKay v. State*, 2003 MT 274, ¶ 14, 317 Mont. 467, ¶ 14, 79 P.3d 236, ¶ 14, *cert. denied*, 541 U.S. 1041, 124 S. Ct. 2162 (2004).

## DISCUSSION

¶10 Hilston argues that the District Court erred in granting summary judgment to the State under the Recreational Use Immunity Act (Act). Hilston contends that the Act does not serve to grant immunity to the State of Montana because the 1987 amendments to the Act make it clear that the Act applies only to defects in property. Hilston argues that grizzly management in the Clearwater Management area is not a "condition of the property" for which the Act grants immunity.

¶11 The State argues that the District Court correctly granted summary judgment in its favor. The State asserts the Act provides that landowners do not owe a duty to make their property safe for recreational users who do not pay a fee to access the property, and the State of Montana, like any other property owner, is protected from a claim that it failed to prevent or warn of an attack by an indigenous wild animal on its land. The State contends that Mr. Hilston was "the unfortunate victim of a natural tragedy" and "[t]he law bars recovery for his death." The State argues that grizzly bears are a "condition of the property" within the meaning of § 70-16-302(1), MCA, and that both the ordinary

4

meaning of the words and their common-law origins support the State's construction of the Act.

¶12     Section 70-16-302(1), MCA, provides:

> A person who uses property, including property owned or leased by a public entity, for recreational purposes, with or without permission, does so without any assurance from the landowner that the property is safe for any purpose if the person does not give a valuable consideration to the landowner in exchange for the recreational use of the property. The landowner owes the person no duty of care with respect to the condition of the property, except that the landowner is liable to the person for any injury to person or property for an act or omission that constitutes willful or wanton misconduct . . . .

The purpose of the Act "is to 'grant a landowner relief from liability to persons gratuitously entering land for recreation purposes.'" *Jobe v. City of Polson*, 2004 MT 183, ¶ 25, 322 Mont. 157, ¶ 25, 94 P.3d 743, ¶ 25 (quoting *Simchuk v. Angel Island Community Ass'n*, 253 Mont. 221, 226, 833 P.2d 158, 161 (1992)).  "Hunting" is expressly included within the definition of "recreational purposes."  Section 70-16-301, MCA.  There is no dispute here that Mr. Hilston was using state-owned land for recreational purposes, and that his use of the property was gratuitous.  There is no allegation of willful or wanton misconduct by the State.

¶13     This Court has interpreted the landowner protection statute to effectuate its purposes.  *See Saari v. Winter Sports, Inc.*, 2003 MT 31, 314 Mont. 212, 64 P.3d 1038 (sledding at closed ski resort covered by Act); *Weinert v. City of Great Falls*, 2004 MT 168, 322 Mont. 38, 97 P.3d 1079  (sledding in city park considered recreational purpose for which city was immune from liability); and *Jobe*. In *Jobe*, the plaintiff was injured after falling through a damaged plank on the Polson city dock, and filed suit against the

5

city for negligently maintaining the premises and for failing to warn of the unsafe condition. The district court granted summary judgment for the city on grounds that the plaintiff failed to present evidence in support of the claim that the city was aware of the defective plank before the accident, or that the city acted willfully or wantonly. The court also concluded that the plaintiff's negligence claim was precluded by § 70-16-302, MCA. On appeal, this Court concluded that the facts were sufficient to raise a genuine issue as to whether the city's failure to timely repair the damaged plank or warn the plaintiff of the danger constituted willful or wanton misconduct, precluding summary judgment. However, we agreed that the recreational use statute barred the plaintiff's negligence claim. *Jobe*, ¶ 26.

¶14 The dispositive issue in this case is whether the statute provides immunity for an attack by an indigenous wild animal on the property. Thus, the pertinent question here is whether wild animals are a "condition of the property" for which a landowner owes no duty of care. The District court determined that:

> [P]ursuant to the common law recognition of . . . wildlife, as a condition of property, and pursuant to the authority of Jobe versus City of Polson case, and Weinert versus City of Great Falls, the Court concludes as a matter of law that wildlife, including grizzly bears, are a condition of the land in regard to and within the meaning of section [70-16-302(1)]. Based upon that authority, the Court more specifically concludes that the bear or bears at issue in this case were a condition of the land within the meaning of that statute.

¶15 Wild animals are known in legal terms as *ferae naturae*—"of a wild nature or disposition." Black's Law Dictionary, 635 (7th ed. 1999). Courts continue to recognize the common law distinction between domestic animals, *domitae naturae*, for which the

6

landowner assumed liability towards third parties, and wild animals, *ferae naturae*, for which the landowner generally assumed no liability. "The rule of law has developed that a landowner cannot be held liable for the acts of animals *ferae naturae*, that is, indigenous wild animals, occurring on his or her property unless the landowner has actually reduced the wild animals to possession or control, or introduced a non-indigenous animal into the area." *Nicholson v. Smith*, 986 S.W.2d 54, 60 (Tex. App. 1999). *See also* Restatement of Torts (Second) §§ 507-08; *Palumbo v. State Game and Fresh Water Fish Com'n*, 487 So.2d 352, 353 (Fla. App. 1986) (state not liable for alligator attack in state park).

¶16     The California Court of Appeals expressly held that wild animals "are a natural part of the condition of unimproved public property . . . ." *Arroyo v. State of California*, 40 Cal. Rptr. 2d 627, 631 (Cal. App. 1995). In *Arroyo*, nine-year-old Darron Arroyo was mauled by a mountain lion on a hiking trail in a state park. Arroyo sued the state for failure to warn and breach of statutory duty to eliminate or warn of dangers of mountain lions, for negligence, and for infliction of emotional distress. The relevant immunity statute was the California Tort Claims Act (Gov. Code, § 830 et seq.), § 831.2, which provided, in pertinent part, that "a public entity . . . is [not] liable for an injury caused by a natural condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river or beach." The California court held that a wild animal is a "natural condition" under this statute. *Arroyo*, 40 Cal.Rptr.2d at 631.

¶17     We concur with the reasoning of these decisions. Grizzly bears are wild animals existing upon the property, and, as such, are a "condition of the property" for purposes of

7

Montana's Recreational Use Immunity Act. Thus, the State of Montana owed no duty to protect Mr. Hilston from the grizzly bear attack that led to his unfortunate death, and the District Court correctly granted summary judgment for the State.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART