**THOMAS JAY HARWOOD,
ELSIE RUBY HARWOOD
and THOMAS JOSEPH ARKINSON,
Plaintiffs and Appellants,**

**v.**

**GLACIER ELECTRIC
COOPERATIVE, INC.,
a Montana Utility Company,
Defendant and Respondent.**

Ordered January 30, 1997
54 St.Rep. 89.
282 Mont. 38.
939 P.2d 981.

See C.J.S. Arbitration § 161.

## OPINION AND ORDER

Pending before the Court is the appellants' motion, stipulated to by respondent, to allow the parties to select their own mediator and extend the time for submission of their appellants' brief until seventy-five days after the Mediator's Report is received by this Court.

On November 21, 1996, the Harwoods and Arkinson filed their notice of appeal with this Court. Pursuant to Rule 54, M.R.App.P., the parties may jointly select a mediator within fifteen days of the filing of the notice of appeal. In the event that the parties do not jointly select a mediator within the time provided, the Rule provides that one will be assigned by the Clerk of the Supreme Court. On December 10, 1996, in accordance with Rule 54, M.R.App.P., the Clerk of the Supreme Court appointed E. Eugene Atherton, Esq., as mediator for the appeal as a result of the parties having failed to jointly and timely select a mediator. The order appointing a mediator also stated that the time periods, as set forth in Rule 54(e), M.R.App.P., shall run from the date of the order.

The mandatory appellate alternative dispute resolution procedures set forth in Rule 54, M.R.App.P., have been in effect since October 1, 1996. The purpose of these new provisions is to provide the parties with another opportunity to resolve their dispute without incurring the significant costs and time involved in the ordinary appeal process, as well as reduce this Court's caseload. To accomplish these goals the new provisions were designed to be, and are, self-executing. Otherwise, the caseload of the Court will not decrease, but may very well increase as the Court considers and rules upon motions which address the mediation process, such as motions to opt out of the mediation requirements, motions for substitution of mediators, extensions of time to file statements of position, and the myriad of other forms of relief that counsel may seek. Correspondingly, the parties will incur additional expense on appeal during this process. The result will be self-defeating and thwart the goals of the appellate mediation program. Consequently, this Court will not insert itself in the process except under unusual or extraordinary circumstances.

█ The pending motion from the Harwoods and Arkinson filed on January 22, 1997, requesting that this Court allow the parties to select their own mediator is not permitted under the provisions of Rule 54, M.R.App.P. Moreover, the parties could have achieved the result sought by this motion by jointly selecting a mediator within fifteen days of the filing of the notice of appeal. They did not do so and the mediator for this case was duly appointed. Therefore,

IT IS HEREBY ORDERED:

1. The motion to allow the parties to select their own mediator is DENIED.

2. The motion to extend the time for filing of appellants' brief is DENIED.

3. The time periods as set forth in Rule 54(e), M.R.App.P., shall run from the date of this order.

4. The Clerk of Court is directed to mail a true and correct copy of this order to all parties of record.

DATED this 30th day of January, 1997.

/S/ J. A. TURNAGE, Chief Justice

/S/ JIM REGNIER, Justice

/S/ TERRY N. TRIEWEILER, Justice

/S/ WILLIAM E. HUNT, SR., Justice

/S/ W. WILLIAM LEAPHART, Justice

/S/ KARLA M. GRAY, Justice

JUSTICE NELSON has recused himself from this case.