IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 97-146

_____

IN RE THE MARRIAGE OF                    )
                                         )
SALLY PERRINE NAGRA,                     )
                                         )        O P I N I O N
        Petitioner and Respondent,       )
                                         )              AND
    and                                  )
                                         )           O R D E R
DAVID A. NAGRA,                          )
                                         )
        Respondent and Appellant.        )

_____

Appellant David A. Nagra and respondent Sally Perrine Nagra have filed a joint motion and stipulation for an extension of time in which to complete the mandatory mediation of their case required by Rule 54, M.R.App.P.   They request that the 75-day mediation deadline contained in Rule 54, M.R.App.P., be continued for an additional 45 days "in order that sufficient time be allowed for exploring settlement possibilities and so that the mediation process can take place at a time that is convenient to all concerned."

Rule 54(b), M.R.App.P., expressly provides that the parties and the mediator have 75 days within which to complete the required mediation.  The Rule does not contain a provision for extending that period of time for the convenience of the parties.  Nor, of course, does the Rule require  the parties to cease pursuing settlement possibilities at the end of the 75-day time period provided for the required mediation process; indeed, Rule 54(g)(3), M.R.App.P., explicitly encourages parties to continue to pursue settlement efforts in the event the case is not resolved via the mediation process and returns to the ordinary appeal process.

Moreover, we issued an Opinion and Order on January 30, 1997, clarifying that Rule 54 is intended to benefit both litigants and this court and that the provisions of Rule 54, M.R.App.P.,

    were designed to be, and are, self-executing.  Otherwise, the caseload of
    the Court will not decrease, but may very well increase as the Court
    considers and rules upon motions which address the mediation process, such
    as motions to opt out of the mediation requirements, motions for substitu-
    tion of mediators, extensions of time to file statements of position and the

myriad of other forms of relied that counsel may seek.  Correspondingly, the parties will incur additional expense on appeal during this process.  The result will be self-defeating and thwart the goals of the appellate mediation program.  Consequently, this Court will not insert itself in the process except under unusual or extraordinary circumstances.

Harwood v. Glacier Electric Cooperative, Inc. (Mont. 1997), ___ P.2d ___, 54 St.Rep. 89.  The joint motion requesting an extension of time to complete the mediation process is not permitted under the provisions of Rule 54, M.R.App.P.  Furthermore, we take this opportunity to caution appellate practitioners that, with this Opinion and Order, we have twice clearly provided notice that Rule 54, M.R.App.P., is self-executing and does not authorize motion practice before this Court.  We will look with disfavor on further efforts by counsel in cases subject to the Rule to involve this Court in Rule 54, M.R.App.P., proceedings via motions.

We observe, in conclusion, that the amended notice of appeal in this cause number--which reflects that the appeal is subject to the mediation process required by Rule 54, M.R.App.P.--was filed on February 4, 1997; the mediation conference is scheduled for April 4, 1997, which is approximately 60 days after the filing of the notice of appeal.  The mediator will have approximately 15 days thereafter to file the required mediator's report before the 75-day limit for the mediation process runs and, in this regard, Rule 54(g), M.R.App.P., requires the filing of that report "[i]mmediately upon the conclusion of the mediation conference."

The Court having fully considered the matter,

IT IS ORDERED that the joint motion for an extension of time within which to complete the mediation process required by Rule 54, M.R.App.P., is DENIED.

The Clerk is directed to mail a true copy of this Opinion and Order to counsel of record for the parties and to the mediator appointed to mediate this case.

DATED this 1st day of April, 1997.

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  JAMES C. NELSON
/S/  W. WILLIAM LEAPHART
/S/  WILLIAM E. HUNT, SR.
/S/  JIM REGNIER

Justice Terry N. Trieweiler would grant the motion for extension of time.