ORIGINAL

FILED

10/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0400

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0400

IN RE THE MARRIAGE OF:

JASON GAGE JONES,

    Petitioner and Appellant,

v.

QUINN ERIN JONES,

    Respondent and Appellee.

FILED

OCT 10 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

## ORDER

Appellee Quinn Erin Jones (Quinn) moves for sanctions against Appellant Jason Gage Jones (Jason) under M. R. App. P. 7(8) for failure to substantially comply with mandatory appellate alternative dispute resolution as Rule 7 requires. Quinn asserts that Jason has twice failed to timely submit his appellate statement of position as required by M. R. App. P. 7(5)(d), thereby precluding the parties from timely completing the mandatory mediation process. Jason, via counsel Jami Rebsom, has responded in opposition to Quinn's motion and requests additional time to submit his statement of position.

M. R. App. P. 7(5) sets forth the process by which parties to any appeal subject to Rule 7 must follow. Rule 7(5)(d) provides that the appellant must submit their required written statement of position to the mediator and the responsive party within 15 days of the date the notice of selection or order of appointment of the mediator is filed. In this case, Quinn alleges Jason had two opportunities to submit his statement of position but failed to do so. On August 14, 2023, the Clerk of this Court appointed a mediator in accordance with Rule 7. Under Rule 7(5)(d), Jason thus had until August 29, 2023, to submit his statement of position but he failed to do so. On September 6, 2023, the appointed mediator declined the appointment, and the Clerk then appointed a new mediator. Under the

September 2, 2023 order of appointment, Jason then had until September 21, 2023, to submit his statement of position, but he again failed to do so.

Quinn then filed this motion for sanctions on September 27, 2023. Noting that pursuant to the mediation time limitations set forth in M. R. App. P. 7(3)(a), the parties had until October 4, 2023, to accomplish the mediation and the parties were unable to meet this deadline because of Jason's failure to comply with Rule 7(5)(d).

In response, Jason does not dispute that he failed twice to timely submit his statement of position. He admits he is still not prepared to do so and requests that this court allow him another week to comply. He urges this Court to excuse his failure to comply with Rule 7 because his attorney was busy preparing for a trial, was short staffed, and failed to note the deadline. Jason argues this Court should allow his appeal to proceed because it is meritorious and because there is "ample" time to complete the mediation process.

M. R. App. P. 7(8) provides that substantial noncompliance with Rule 7 may result in sanctions, including the assessment of mediator fees, imposition of monetary sanctions, costs, dismissal of the appeal, or such other sanction as this Court deems appropriate. Quinn argues that dismissal is appropriate in this case because Jason's failure has precluded the parties from timely completing the mediation process.

We agree with Quinn that sanctions are appropriate here. Not only did Jason miss the first deadline to submit the statement of position, which was over five weeks ago, and the second deadline, which was over two weeks ago, but he requests yet another week to complete this requirement. Furthermore, asking this Court for such leave is misguided, as it would be the mediator who would have the authority to consider such request. We also note that Jason's response fails to comply with M. R. App. P. 16(3), which allows up to 1,250 words for a response to a motion; in this instance, his response is roughly triple that amount and he devotes the majority of it to attempting to argue the merits of his appeal. We find no excuse in his counsel's assertion that she was "unaware" of the deadline to file Jason's statement of position as counsel is an experienced appellate attorney and the deadline is clearly set forth in Rule 7. Furthermore, counsel's assertion that there is

2

"ample" time to complete mediation is incorrect as the 75-day time limitation of M. R. App. P. 7(3)(a) expired on October 4, 2023.

Since the inception of the mandatory appellate alternative dispute resolution process, this Court has maintained that the provisions are self-executing, and "this Court will not insert itself in the process except under unusual or extraordinary circumstances." *Harwood v. Glacier Elec. Coop.*, 282 Mont. 38, 39, 939 P.2d 981, 981-982 (1997). In.this case, where the appellant has wholly failed to comply with the mediation process and remains unprepared to mediate this case even after the 75-day deadline expired, we conclude that dismissal of the appeal is warranted.

IT IS THEREFORE ORDERED that the motion for sanctions is GRANTED. This appeal is DISMISSED WITH PREJUDICE.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 1 day of October, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3