## SAM E. McDONALD, JR., Plaintiff and Respondent, v. ELBERT H. COSMAN and OLIVE LOCKIE, Defendants and Appellants.

No. 99-625.
Ordered November 30, 1999.
1999 MT 294.
56 St.Rep. 1179.

### OPINION AND ORDER

¶1 Elbert H. Cosman and Olive Lockie (collectively, Appellants) have filed with this Court a motion for clarification regarding the applicability of Rule 54, M.R.App.P., to their appeal in this cause number. The appeal is taken from a final judgment entered by the Thirteenth Judicial District Court, Yellowstone County, in favor of Sam E. McDonald, Jr. (Respondent) for specific performance of an option to purchase land pursuant to a lease agreement which also provided for an award of attorney fees to the prevailing party in the event of a dispute. The judgment also awarded attorney fees to Respondent as a result of the enforcement of the option.

¶2 Respondent has joined Appellants in stipulating that the appeal does not include a challenge to the award of attorney fees, or to the

amount awarded as reasonable fees. The parties agree that the ultimate award of fees is dependent upon the appeal, but is not a direct subject of the appeal.

¶3    Depending on our resolution of the question of whether Rule 54 applies, Appellants request alternative relief. In the event we determine that the appeal is subject to Rule 54, Appellants request that we suspend the time for filing their brief pending disposition of the mediation process. In the event we determine that mediation is not required in this cause number, Appellants request 30 days from the date of our order within which to file their brief.

¶4    The mediation requirements of Rule 54(a), M.R.App.P., apply—*inter alia*—to "[a]ppeals in actions seeking monetary damages/recovery." The action underlying this appeal sought attorney fees—that is, "monetary recovery"—but only as a matter incidental to the primary thrust of the action, which sought specific performance of an option to purchase land pursuant to a lease which also provided for attorney fees to the prevailing party in the event of a dispute thereunder. Moreover, neither the award of the fees nor the amount of the fees awarded is directly at issue in this appeal.

¶5    ▮ It is clear that, absent the incidental attorney fee issue, this appeal could not be categorized as one in an action seeking monetary damages or recovery. Appeals in cases seeking specific performance of a contract or lease term simply do not fall within any of the categories of appeals set forth in Rule 54(a), M.R.App.P. The fact that a contract or lease provision authorizes attorney fees to a prevailing party in an action otherwise not subject to Rule 54 if appealed does not, in our view, render the appeal subject to Rule 54's requirements. To conclude otherwise would require parties to mediate a matter totally incidental to the outcome of the substantive issue on appeal without providing a concomitant opportunity to resolve the substantive issue. Such a requirement would be impractical and wasteful of the parties' time and resources, and would merely delay the ultimate resolution of the appeal. For these reasons, we conclude that Rule 54, M.R.App.P., does not apply to this appeal.

¶6    On the basis of the foregoing,

¶7    IT IS ORDERED that Appellants' motion for clarification is GRANTED and the parties need not comply with the requirements of Rule 54, M.R.App.P.; and

¶8    IT IS FURTHER ORDERED that Appellants' opening brief on appeal shall be prepared, filed and served within 30 days of the date of this Order; and

¶9   IT IS FURTHER ORDERED that the Clerk of this Court shall mail a true copy of this Order to counsel of record for the parties.

DATED this 30th day of November, 1999.

CHIEF JUSTICE TURNAGE, JUSTICES GRAY, LEAPHART, HUNT, NELSON, REGNIER and TRIEWEILER.