IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 00-065

2000 MT 46

298 Mont. 291

3 P. 3d 597

OPINION AND ORDER

IN RE THE EMANCIPATION OF LAURA DAMMARELL,

A Youth.

¶1 This case involves an appeal from the Sixth Judicial District Court's order granting limited emancipation to the Appellant/father's daughter pursuant to Title 41, chapter 3, part 4, MCA and, specifically, §§ 41-3-403 and 41-3-408, MCA. The Appellant requests an order from this Court as to whether limited emancipation decisions are subject to the mediation requirements of Rule 54, M.R.App.P. Opposing counsel does not object to our resolving this question.

¶2 Rule 54(a), M.R.App.P., provides that certain domestic relations cases are subject to appellate mediation, as follows:

(2) Domestic relations. Appeals in domestic relations cases, including but not limited to all dissolutions issues, child custody and support issues, maintenance issues and modifications of orders entered with respect to those issues; but excluding actions for termination of parental rights, paternity disputes, adoptions, and all juvenile and contempt proceedings when the excluded matters constitute the only issues on appeal.

¶3 While limited emancipation decisions are not listed, as such, in the Rule, we conclude that these are more like the actions specifically excluded under Rule 54(a)(2), M.R.App.P., than those specifically included. Limited emancipation is more akin to severing parental rights than it is to delineating how, when and under what circumstances those rights may

be exercised. *See* § 41-3-408(3), MCA.

¶4 Accordingly, we hold that limited emancipation decisions are not subject to the Rule 54, M.R.App.P., appellate mediation requirements.

¶5 IT IS SO ORDERED.

Dated this 15th day of February, 2000.

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.