# IN THE SUPREME COURT OF THE STATE OF MONTANA

## No. 01-305

## 2001 MT 91

_____

## OPINION AND ORDER

## ROBERT W. HANLEY,

Plaintiff and Counterclaim Defendant,

v.

## KEITH A. LANIER, SUE E. LANIER,

Defendants, Counterclaimants, Third

Party Plaintiffs/Respondents,

v.

## JOANNE R. JACOBSEN,

Third Party Defendant/Appellant.

_____

¶1 The respondents, Keith and Sue Lanier (Laniers) have filed a motion to dismiss the appeal in this matter, for the purported failure of third party defendant and appellant Joanne R. Jacobsen (Jacobsen), to comply with the mediation requirements of Rule 54, M.R.App.P. In Jacobsen's notice of appeal, she certified that the appeal was not subject to the mediation process required by Rule 54, M.R.App.P. Laniers contend otherwise, stating

that the cause of action appealed from is one in which monetary damages were sought, and that hence, Rule 54, M.R.App.P., subjects the appeal to mandatory mediation.

¶2 Jacobsen has responded to and opposes the motion to dismiss, and seeks clarification of whether this matter is or ought to be subject to mediation. Jacobsen relates that the appeal centers upon three primary issues: first, whether the District Court erred when it created an easement by grant in favor of the Laniers and across real property of co-appellant, Robert W. Hanley (Hanley); second, whether the District Court erred in failing to recognize the real property interest of Hanley in maintaining his utility easement; and third, whether the District Court erred in issuing an injunctive order and finding both Hanley and Jacobsen in violation thereof. Jacobsen maintains that the money award portion of the judgment is incidental to and entirely dependent upon the court's rulings related to easement interests and injunctive relief, and that these are the primary and substantive issues addressed in the District Court's findings of fact and judgment. Citing *McDonald v. Cosman*, 1999 MT 294, 297 Mont. 108, 995 P.2d 922 at 923, Jacobsen argues that Rule 54 does not require parties to mediate matters which are totally incidental to the outcome of the substantive issues on appeal. She contends that mediation of the monetary damages here would not resolve the substantive issues of the real party interests determined by the District Court, nor would it resolve matters arising from the court's order of injunctive relief. She also cites *Dobrocke v. City of Columbia Falls*, 2000 MT 179, ¶ 24, 300 Mont. 348, ¶ 24, 8 P.3d 71, ¶ 24, for the proposition that it is not the underlying claims that are determinative, but, rather, "the determining factor is the relief sought." She therefore maintains that this case is not an appeal in an action "[s]eeking monetary damages/recovery," such as is typically subject to Rule 54(a)(3), M.R.App.P.

¶3 In *McDonald v. Cosman*, *supra*, we held that an appeal from a final judgment for specific performance of an option to purchase land pursuant to a lease agreement, which also provided for an award of attorney fees to the prevailing party, was not subject to the mediation requirements of Rule 54(a), M.R.App.P. We stated in *McDonald*, 297 Mont. 109:

> To conclude otherwise would require parties to mediate a matter totally incidental to the outcome of the substantive issue on appeal without providing a concomitant opportunity to resolve the substantive issue. Such a requirement would be impractical and wasteful of the parties' time and resources, and would merely delay the ultimate resolution of the appeal.

Accord, *In re the Emancipation of Dammarell,* 2000 MT 46, 298 Mont. 391, 3 P.3d 597 (limited emancipation decisions are not subject to Rule 54 appellate mediation requirements).

¶4 We conclude that the logic of *McDonald* applies here. Given Jacobsen's representations that her appeal will address the propriety of the District Court's creation of an easement, its determination of real property interests, and the propriety of an injunctive order, and that the money judgment aspect of the case is incidental to and dependent upon these District Court orders, we do not feel that submitting this matter to mediation would hasten or assist resolution of this appeal. Accordingly,

¶5 IT IS ORDERED that Laniers' motion to dismiss the appeal is DENIED.

¶6 IT IS FURTHER ORDERED that Jacobsen's motion for clarification is GRANTED, and the parties are advised that they need not comply with the requirements of Rule 54, M. R.App.P.

¶7 IT IS FURTHER ORDERED that appellant shall have 30 days from the date of this Order within which to file the transcript on appeal, and an additional 30 days thereafter within which to file her opening appellant's brief.

¶8 IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to all counsel of record.

¶9 DATED this 23rd day of May, 2001.

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE