No. 01-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 37

PHYLLIS A. ROBERTS,

    Plaintiff and Respondent,

v.

JOHN M. NICKEY,

    Defendant and Appellant.

FILED

MAR - 9 2002

Ed Smith
STATE OF MONTANA COURT

STATE LAW LIBRARY
MAR 05 2002
OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thomas S. Winsor, Winsor Law Firm, PLLC, Helena, Montana

    For Respondent:

        Pierre L. Bacheller, Attorney at Law, Billings, Montana

Submitted on Briefs:  August 29, 2001

Decided:  March 5, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 On December 21, 2000, John M. Nickey filed a Motion to Set Aside Judgment Under Rule 60(b)(3), M.R.Civ.P. The Thirteenth Judicial District Court, Yellowstone County, issued a Memorandum and Order denying Nickey's motion. Nickey appeals and we reverse and remand.

¶2 The following issues are dispositive of this appeal:

¶3 1. Should we dismiss this appeal for failure to comply with Rules 4(c) and 54, M.R.App.P.?

¶4 2. Did the District Court abuse its discretion by denying Nickey's motion pursuant to Rule 60(b)(3), M.R.Civ.P.?

## BACKGROUND

¶5 The marriage between John M. Nickey and Phyllis Roberts was dissolved on June 13, 1977, and the District Court issued a final decree on July 28, 1977. During their marriage, Nickey and Roberts had two minor children, who were two and five years old at the time of the divorce. A property settlement agreement, entered into by the parties on July 13, 1977, gave custody of the two children to Roberts and visitation rights to Nickey. Under this agreement, Nickey was responsible for paying an aggregate of $200 per month in child support beginning on September 11, 1977.

¶6 On July 31, 1998, Roberts filed a complaint seeking $33,350 in unpaid child support plus 10 percent interest and attorney's fees and costs. In a pre-trial Memorandum and Order issued on February 15, 2000, the District Court determined that the statute of limitations,

2

provided by § 27-2-201(1), MCA, limited the recovery of child support to those obligations incurred after July 31, 1988. The District Court, however, held that it could apply any child support shown to be paid after July 31, 1988, toward debt incurred before that date.

¶7 On July 21, 2000, the District Court held a trial. Nickey presented six checks, each in the amount of $200, which he had delivered to the Child Support Enforcement Division of the Montana Department of Revenue from his employer, Martell Construction. He also presented a record of child support that the Idaho Child Support Enforcement Division had collected from Nickey. Nickey claimed that he had additional documentation but that some of it had been stolen and he did not realize that he would need the rest at trial. Roberts testified that she never received Nickey's payments, including those through his employer.

¶8 Following the trial, Nickey attempted to introduce additional evidence, but Roberts objected. The District Court sustained the objection concluding that the proper time to introduce evidence was at trial. On September 6, 2000, the District Court then issued its findings of Fact and Conclusions of Law. The District Court calculated that Nickey owed Roberts $6,300 in child support due since July 31, 1988. In making its calculation, the court applied child support payments that Nickey made between July 31, 1988, and December 31, 1993, to outstanding obligations incurred prior to July 31, 1988.

¶9 Sixty days following the Notice of Entry of Judgment, Nickey filed a motion pursuant to Rule 60(b)(3), M.R.Civ.P., alleging that the court should set aside the judgment because Roberts committed fraud by denying the receipt of certain payments. The District Court denied Nickey's motion on January 11, 2001. Nickey appeals.

3

## ISSUE ONE

¶10 Should we dismiss this appeal for failure to comply with Rules 4(c) and 54, M.R.App.P.?

¶11 Rule 4(c) of the Montana Rules of Appellate Procedure provides that a party must address the applicability of Rule 54 in his or her notice of appeal. Rule 54 of the Montana Rules of Appellate Procedure, in turn, requires that certain types of appeals go through an alternative dispute resolution process. One class of appeals subject to Rule 54 is domestic relation cases, which include child support issues. *See* Rule 54(a)(2), M.R.App.P.; *see also Dobrocke v. City of Columbia Falls*, 2000 MT 179, ¶ 23, 300 Mont. 348, ¶ 23, 8 P.3d 71, ¶ 23. The only exceptions to this rule are "actions for termination of parental rights, paternity disputes, adoptions, and all juvenile and contempt proceedings when the excluded matters constitute the only issues on appeal." Rule 54(a)(2), M.R.App.P. Because Nickey's appeal ultimately concerns a determination of child support, it is subject to the requirements of Rules 4(c) and 54. Nickey's initial appeal did not comply with these rules. Roberts, therefore, contends that we should dismiss this appeal.

¶12 Nickey, however, is not the only actor that failed to follow the statutory requirements concerning this appeal. If an appellant fails to file a proper notice of appeal, Rule 4(c) requires the clerk of the district court to issue a written notice directing the appellant to file an amended notice of appeal within seven days. *See* Rule 4(c), M.R.App.P. In this case, the Clerk of the District Court apparently never issued such a notice.

¶13 We were faced with a substantially similar situation in *Dobrocke*. There, we concluded that dismissing an appeal for failure to comply with Rules 4(c) and 54 would be too harsh a remedy because we had not addressed this issue before and part of the blame for not addressing Rule 54 in the notice of appeal fell on the Clerk of the District Court for failing to issue the proper notice. *See Dobrocke*, ¶ 25. We noted, however, that "if there are not consequences for failure to meet the requirements imposed by this Court, litigants and their attorneys will continually fail to meet such requirements." *Dobrocke*, ¶ 25. Therefore, after declining to dismiss the appellant's appeal, we stated that, "in the future, an appellant's failure to comply with these rules will subject the appeal to dismissal." *Dobrocke*, ¶ 26.

¶14 While we continue to hold that a court may dismiss an appellant's appeal for failure to comply with Rules 4(c) and 54, we expressly overrule our holding in *Dobrocke* that all future failures to comply with these rules will automatically result in dismissal. Such a rule is too severe, particularly where the clerk of court is complicit in the appellant's failure to abide by the statutory requirements. While there must be consequences for appellants who do not adhere to the statute, it is unfair for all the consequences to fall on an appellant when the clerk of court also fails to adhere to the statute. In such instances, we will look at all the circumstances surrounding the appeal before deciding whether to dismiss for failure to comply with Rules 4(c) and 54.

¶15 Therefore, given that the clerk never issued the proper notice to Nickey, we will not dismiss Nickey's appeal.

## ISSUE TWO

¶16 Did the District Court abuse its discretion by denying Nickey's motion pursuant to Rule 60(b)(3), M.R.Civ.P.?

¶17 Rule 60(b)(3), M.R.Civ.P., allows a court to set aside a judgment upon motion by a party for fraud. *See In re Adoption of C.C.L.B.*, 2001 MT 66, ¶ 45, 305 Mont. 22, ¶ 45, 22 P.3d 646, ¶ 45. Following trial, Nickey filed a motion pursuant to this rule alleging that Roberts committed fraud by denying receipt of certain sums of child support. The District Court, however, dismissed this motion without reaching the issue of fraud. Instead, the court concluded that Nickey failed to make a threshold showing either of prejudice or that the new evidence would affect the final judgment.

¶18 In its pre-trial order, the District Court determined that the statute of limitations barred Roberts from pursuing debt incurred before July 31, 1988. The District Court also concluded that it should first apply child support payments toward the earliest outstanding debt, irrespective of the statute of limitations. In denying Nickey's post-trial motion, the court's rationale, therefore, was that Nickey's new evidence could not affect the court's calculation of money owed after July 31, 1988, because the value of these additional payments would not extinguish the debt outstanding before that date. This conclusion, however, eviscerates the statute of limitations.

¶19 A court must apply any payment of child support to the earliest arrearage. *See In re Adoption of C.J.H.* (1990), 246 Mont. 52, 55, 803 P.2d 214, 216. The statute of limitations, however, bars a party from bringing a claim for past-due child support after ten years. *See*

6

*In re Marriage of Hooper* (1991), 247 Mont. 322, 327, 806 P.2d 541, 544. Therefore, a district court should only award payments to arrearages due within ten years of a party bringing suit. *See Hooper*, 247 Mont. at 544, 806 P.2d at 327.

¶20 It is incongruous for a court to bar a plaintiff from bringing an action to enforce a certain debt but then to apply payments toward that barred debt. Statutes of limitations serve to ensure "fairness to defendants and are intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims." *See Joyce v. Garnaas*, 1999 MT 170, ¶ 14, 295 Mont. 198, ¶ 14, 983 P.2d 369, ¶ 14 (quoting *First United Methodist Church v. United States Gypsum Co.* (4th Cir. 1989), 882 F.2d 862, 866). We see no reason to make an exception to this rule in this case. Satisfying stale child support obligations creates a risk of prejudice to the defendant regardless of the source or time of payment. For these reasons, we conclude that the District Court erred in applying payments to debt incurred before July 31, 1988. Thus, we also concluded that the District Court erred in not addressing the merits of Nickey's Rule 60(b)(3) motion.

¶21 We note, in passing, that Nickey also claims that the District Court erred in denying his post-trial motion to supplement the record. In civil cases, a party must file a notice of appeal within 30 days from the date of the entry of the judgment or order. *See* Rule 5(a)(1), M.R.App.P. Nickey did not appeal the court's denial of his motion to admit additional evidence within the required 30 days. Instead, Nickey waited 60 days and then filed a motion to set aside the judgment pursuant to Rule 60(b)(3).

7

¶22 Rule 60(b)(3) allows a court to set aside a judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Rule 60(b)(3) does not concern the introduction of new evidence post-trial. Therefore, we will not address whether the District Court erred in admitting evidence of additional payments after trial.

¶23 Reversed and remanded.

_____
                                    Justice

We Concur:

_____
            Chief Justice

_____

_____

_____
                Justices

8