IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 03-637

2003 MT 281
_____

| | | |
|---|---|---|
| GUANG XIANG LIANG, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERRI LAI, a/k/a JERRY LAI, a/k/a JERRY | ) | O P I N I O N |
| LEI; and PING LAI, a/k/a PING LEI; d/b/a | ) | AND |
| GENKI JAPANESE RESTAURANT; | ) | O R D E R |
| GERRI LAI, a/k/a JERRY LAI, a/k/a JERRY | ) | |
| LEI; and PING LAI, a/k/a PING LEI; d/b/a | ) | |
| NEW ASIA RESTAURANT; GENKI | ) | |
| JAPANESE RESTAURANT; and NEW | ) | |
| ASIA RESTAURANT, | ) | |
| | ) | |
| Defendants and Respondents. | ) | |

_____

¶1     Appellant sued Respondents for damages in the Eleventh Judicial District Court, Flathead County.  The District Court later issued an Order on Motion for Change of Venue. Appellant's notice of appeal from that order was filed on August 12, 2003; the notice stated that "this appeal is subject to the mediation process required by Rule 54, M.R.App.P."  The District Court record and transcript were filed with the Clerk of this Court and, on September 26, 2003, Appellant was notified that the opening brief on appeal was due within 30 days. The file does not contain a Rule 54(c) stipulation to hold timelines in abeyance and, therefore, the time requirements for appellate briefing are running.

1

¶2      On October 1, 2003, Appellant filed an Unopposed Motion to Dispense with Mediation.  As was the case with the notice of appeal, Appellant's motion concedes that the appeal is subject to Rule 54, because it involves an underlying suit for money damages.  *See* Rule 54(a)(3), M.R.App.P.  Appellant contends that *Hanley v. Lanier*, 2001 MT 91, 305 Mont. 175, 24 P.3d 206, and *McDonald v. Cosman*, 1999 MT 294, 297 Mont. 108, 995 P.2d 922, support all counsels' position here that mediation may be dispensed with because money damages are not an issue in the appeal and, consequently, mediation will not assist or hasten the resolution of the appeal.  *Hanley* and *McDonald* are inapplicable here.

¶3      In *Hanley*, ¶¶ 2-3, we addressed a motion to dismiss for failure to comply with Rule 54, and the issue was whether or not the appeal was subject to Rule 54.  We determined that the overall thrust of the underlying action involved easement, real property and injunction issues which are not within the purview of Rule 54 and, consequently, the fact that an incidental issue regarding monetary attorney fees--which was dependent on the trial court's resolution of the primary issues--did not subject the appeal to the mandatory mediation requirements of Rule 54, M.R.App.P.  *Hanley*, ¶ 4 (citation omitted).  Similarly, the issue before us in *McDonald* was whether an appeal from a judgment for specific performance of a contract, with an attendant award of attorney fees pursuant to the contract, was subject to Rule 54, M.R.App.P.  *See McDonald*, ¶ 1.  We determined that, because the primary issue in the case involved specific performance of a contract, a type of action not subject to Rule 54's requirements, a contract provision authorizing attorney fees to the prevailing party was

insufficient to bring the appeal within the Rule 54(a)(3), M.R.App.P., category of "[a]ppeals in actions seeking monetary damages/recovery." *McDonald*, ¶ 4.

¶4 Unlike *Hanley* and *McDonald*, the case underlying this appeal clearly and admittedly falls within the ambit of Rule 54(a)(3), M.R.App.P., as a suit seeking money damages. Neither *Hanley* nor *McDonald* held that mediation could be dispensed with in an appeal in which the underlying action clearly comes within Rule 54.

¶5 In *Dobrocke v. City of Columbia Falls*, 2000 MT 179, ¶ 17, 300 Mont. 348, ¶ 17, 8 P.3d 71, ¶ 17, *overruled on other grounds by Roberts v. Nickey*, 2002 MT 37, 308 Mont. 335, 43 P.3d 263, the underlying action was for money damages and the trial court granted summary judgment to the city. Dobrocke appealed. On appeal, the city raised the issue of noncompliance with the mediation requirements contained in Rule 54, M.R.App.P., for suits seeking money damages. *Dobrocke*, ¶ 22. Dobrocke responded that the appeal was not from a money judgment, but from a summary judgment concluding as a matter of law that no cause of action existed. *Dobrocke*, ¶ 23. We rejected the argument, observing that the underlying action sought monetary damages, and concluding that in deciding whether an appeal is or is not subject to Rule 54, "the determining factor is the relief sought and not the type of order or judgment being appealed." *Dobrocke*, ¶ 24.

¶6 We reach the same conclusion here. There is no legitimate question here about whether this appeal is or is not subject to Rule 54; Appellant concedes that it is. We reiterate that it is the nature of the underlying action, not the type of order or judgment on appeal, which is determinative of whether the appeal is subject to the mandatory mediation

3

requirements of Rule 54, M.R.App.P. The notions that only a legal issue is on appeal and, therefore, that mediation is not required, were disposed of in *Dobrocke* more than three years ago.

¶7 Nor does the Rule contemplate counsel for the parties to an appeal requesting this Court to "dispense with mediation" pursuant to a stipulation or unopposed motion simply because counsel do not believe mediation will resolve the appeal. Rule 54 is mandatory for the categories of cases set forth therein; it contemplates a good faith effort by counsel to resolve the case through mediation. Had the Rule been otherwise, it is unlikely that more than one or two cases would have been mediated on appeal, since the prevailing reaction among legal practitioners at the time the Rule was implemented was that not a single case could or would be resolved through mediation on appeal.

¶8 Counsel across the state should be aware by now that this Court intends Rule 54, M.R.App.P., to be self-executing. Neither we, nor clients, can afford the extra resources consumed by motion practice on Rule 54.

THEREFORE,

¶9 IT IS ORDERED that Appellant's unopposed motion to dispense with mediation is DENIED; and

¶10 IT IS FURTHER ORDERED that the 75-day period for completion of the mediation shall run from the date of this Order.

¶11 The Clerk is directed to mail a true copy of this Order to counsel of record.

DATED this 7th day of October, 2003.

4

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE