QUANTUM ELECTRIC, INC.,
a Montana corporation,
Plaintiff and Appellant,

v.

ACCUTITLE, INC., a Montana corporation,
d/b/a AMERICAN TITLE AND ESCROW,
Defendant and Cross-Appellant.

DAVID L. MARTIN,
Plaintiff and Appellant,

v.

SAIF CORPORATION,
Defendant and Respondent.

No. DA-06-0014.
Decided February 28, 2006.
2006 MT 45.
331 Mont. 252.

OPINION AND ORDER

¶1 The Court deems it appropriate to consolidate the following two matters in light of the fact that each presents nearly identical issues and each further provides the Court with the opportunity to clarify the practice with respect to Rule 54(c), M.R.App.P.

¶2 Quantum Electric, Inc., and Accutitle, Inc., Cause No. DA 06-0014, and David L. Martin and SAIF Corporation, DA 06-0062, have filed separate motions for stays of the briefing schedules in the separate matters pending completion of appellate mediation in each matter. In DA 06-0014, Accutitle, Inc., filed a motion for the stay and represented to the Court that Quantum Electric, Inc., did not oppose the motion. The parties in DA-06-0062 filed a joint stipulation with the Court and requested an order to stay the briefing schedule until after they had completed the appellate mediation. We deny the request to enter an order to stay the briefing schedule until completion of the appellate mediation in both cases and take this opportunity to emphasize to the parties and all future litigants that Rule 54 is "self-executing" and is not amenable to motion practice. *Liang v. Lai*, 2003 MT 281, ¶ 8, 317 Mont. 524, ¶ 8, 78 P.3d 1212, ¶ 8 ("Counsel across

the state should be aware by now that this Court intends Rule 54, M.R.App.P., to be self-executing. Neither we, nor clients, can afford the extra resources consumed by motion practice on Rule 54.").

¶3 That being said, Rule 54(c), M.R.App.P., allows parties to stipulate to "hold the time requirements of other rules in abeyance pending completion" of appellate mediation "by stipulation filed with the clerk of the district court" or, if the record has been transmitted to this court, by stipulation filed here. Rule 54(c), M.R.App.P., does not contemplate an involvement by this Court in issuing an order granting such a stipulation or in granting a motion seeking approval of such a stipulation. The rule clearly states that the parties may file the stipulation and that "all such time requirements shall run from the earlier of the date of the filing of the mediator's report, or the expiration of the seventy-five (75) day time limit."

¶4 Nothing in the language of Rule 54(c), M.R.App.P., requires involvement by the Court in a timely effort by the parties to stipulate to holding the time requirements for filing their briefs in abeyance pending the timely completion of appellate mediation. Similarly, nothing in Rule 54 empowers the Court to extend the seventy-five (75) day time period for completing appellate mediation.

¶5 THEREFORE, IT IS HEREBY ORDERED that the request for an order granting a stay in Cause No. DA-06-0014 and the motion for an order granting a stay in Cause No. DA-06-0062 are DENIED. The parties may file their stipulations to stay the briefing schedule pursuant to the dictates of Rule 54(c), M.R.App.P., including the requirements that the parties complete appellate mediation with the seventy-five (75) day time period provided by Rule 54.

¶6 The Clerk of this Court shall mail a copy of this Order to all counsel of record.

DATED this 28TH day of February, 2006.

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE