DA 08-0156

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 124

_____

JOSEPH K. KUZARA,

      Petitioner, Appellee and Cross-Appellant,

v.

MUSSELSHELL COUNTY,

      Respondent and  Appellant.

O P I N I O N
and
O R D E R

_____

¶1     Appellant Musselshell County filed its notice of appeal in this matter on March 24, 2008.  The notice indicated the appeal "may be" subject to the mediation process required by M. R. App. P. 7, and requested this Court to exercise its discretion to designate the appeal as one appropriate for mediation.  On March 28, 2008, Appellee Joseph K. Kuzara filed a notice of cross-appeal.  Kuzara's notice states that this appeal is not expressly subject to the Rule 7 mandatory mediation provisions, but that he does not object to this Court designating this matter as one appropriate for mediation pursuant to our discretionary authority under M. R. App. P. 7(2)(d).  Musselshell County has now filed a motion requesting this Court designate the matter as being appropriate for Rule 7 mediation.  The motion indicates, as required by M. R. App. P. 16(1), that Musselshell County has contacted Kuzara and he does not object to the motion.

1

¶2     This Court enacted M. R. App. P. 7 as M. R. App. P. 54 in April of 1996; the Rule took effect October 1, 1996.  As enacted, and as revised in 2007, the rule requires mediation in certain categories of appeals to this Court.  It has been helpful with regard to the Court's workload, but not as helpful as we had hoped.  More importantly, it has created an opportunity for the parties themselves to craft a solution to their differences in less time, with more satisfaction and generally at less cost.  While not universally embraced by the practicing bar, we have observed that some early "naysayers" have shifted to a positive view of the efficacy of the mediation process on appeal for their clients.

¶3     When we revised the appellate procedure rules last year, we added a new subsection to the section identifying the categories of appeals subject to the Rule.  M. R. App. P. 7(2)(d) expressly authorizes this Court—in its discretion—to designate appeals for mediation pursuant to the Rule which otherwise would not be mediated.  We have not yet designated an appeal as one appropriate for mediation *sua sponte*.

¶4     The appeal presently before us is the first since our adoption of the new appellate rules effective October 1, 2007, in which the parties have—ultimately—joined in requesting that we designate the appeal for the mediation process set forth in M. R. App. P. 7.  We are encouraged that practitioners and parties may have a growing awareness of and interest in the Rule 7 process, even when a case may not fall within one of the identified categories for which mediation is required.  Indeed, we encourage practitioners and parties to jointly consider the possibility of a successful mediation in appeals.  We would welcome joint motions to mediate an appeal pursuant to Rule 7, but not otherwise subject to the Rule, filed

2

within 30 days of the filing of the appeal or cross-appeal. However, we will not consider a unilateral motion to designate for Rule 7 mediation, even one which indicates that opposing counsel has been contacted and does not object.

¶5 Returning to the motion now before us in which both parties early expressed interest in mediation,

¶6 IT IS ORDERED that this appeal is designated as appropriate for mediation pursuant to M. R. App. P. 7.

¶7 IT IS FURTHER ORDERED that the 75-day period provided in M. R. App. P. 7(3)(a) for completing the mediation process shall run from the date of this Order.

¶8 IT IS FURTHER ORDERED that the parties shall jointly designate a mediator to assist in the mediation process within 15 days of the date of this Order. If the parties fail to designate a mediator within that time period, a mediator shall be assigned by the Clerk of this Court pursuant to M. R. App. P. 7(4)(d).

¶9 IT IS FURTHER ORDERED that all timelines contained in the appellate procedure rules relating to briefing and other matters shall continue as provided unless the parties file a stipulation with the Clerk of this Court to hold the time requirements of the appellate rules in abeyance pending mediation pursuant to M. R. App. P. 7(3)(b).

¶10 The Clerk is directed to mail copies of this order to all counsel of record and to Joseph K. Kuzara, personally, at his last address of record.

DATED this 15th day of April, 2008.

/S/ KARLA M. GRAY

We concur:


/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JOHN WARNER