**FILED**

05/17/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0609



IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0609

WELLS FARGO BANK, N.A.,

    Plaintiff, Appellant, and
Cross-Appellee.

v.

ZINVEST, LLC,

    Defendant, Appellee, and
Cross-Appellant.

FILED

MAY 17 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

On December 2, 2021, Plaintiff, Appellant, and Cross-Appellee Wells Fargo Bank, N.A. (Wells Fargo), filed its Notice of Appeal in this matter. In accordance with M. R. App. P. 4(4)(c), Wells Fargo indicated that this matter was not subject to the mandatory appellate alternative dispute resolution set forth in M. R. App. P. 7.

On May 10, 2022, the District Court provided Notice to this Court that, pursuant to M. R. Civ. P. 58(e), it had resolved outstanding attorney fees and costs issues that had remained subject to its jurisdiction. Wells Fargo then filed a Supplemental Notice of Appeal, indicating that its appeal also encompassed the District Court's ruling on attorney fees and costs. Wells Fargo again indicated that the matter was not subject to mandatory appellate alternative dispute resolution under M. R. App. P. 7.

On May 11, 2022, Defendant, Appellee, and Cross-Appellant Zinvest, LLC (Zinvest), filed a response to Wells Fargo's Supplemental Notice of Appeal in which Zinvest asserted:

    1.  This appeal is subject to mandatory appellate alternative dispute resolution under [M. R. App. P. 7(2)(c)]; and

    2.  Zinvest, LLC hopes that this appeal is subject to the mediation process required by [M. R. App. P. 7(2)(d)].

M. R. App. P. 7(2) provides that certain categories of appeals shall be subject to the Rule's mandatory appellate alternative dispute resolution process. These categories include "[a]ppeals in actions seeking monetary damages/recovery" under M. R. App. P. 7(2)(c) and "[a]ppeals which the supreme court, in its discretion, designates as appropriate for mediation."

The matter on appeal in this case is an action seeking a declaratory judgment and is not an action seeking monetary damages/recovery. It is immaterial that one of the orders being challenged on appeal awards attorney fees and costs: "[T]he nature of the underlying action, not the type of order or judgment on appeal, [determines] whether the appeal is subject to the mandatory mediation requirements[.]" *Liang v. Lai*, 2003 MT 281, ¶ 6, 317 Mont. 524, 78 P.3d 1212. In *McDonald v. Cosman*, 1999 MT 294, ¶ 1, 297 Mont. 108, 995 P.2d 922, the appellants challenged a final judgment that ordered specific performance of an option to purchase land pursuant to a lease agreement, and which also awarded attorney fees to the prevailing party. On appeal, we determined that attorney fees are a "monetary recovery," but only "incidental to the primary thrust of the action[.]" *McDonald*, ¶ 4. We determined that the award did not render the case subject to the mandatory appellate alternative dispute resolution process. *McDonald*, ¶ 5. Relying on *McDonald*, we held in *Hanley v. Lanier*, 2001 MT 91, ¶ 4, 305 Mont. 175, 24 P.3d 206 that the matter on appeal, an easement dispute, was not subject to the mandatory appellate alternative dispute resolution process because the "money judgment aspect of the case" was incidental to and dependent upon upholding or reversing the District Court orders regarding the substantive issues on appeal.

Zinvest offers no argument as to why we should distinguish the District Court's order regarding attorney fees and costs in this case from the orders in *McDonald* and *Hanley* for purposes of M. R. App. P. 7.[1] Moreover, while Zinvest asserts that it "hopes"

---

[1] On October 1, 2007, the current Montana Rules of Appellate Procedure superseded those that were previously in effect. *Liang, McDonald,* and *Hanley* relied on Rule 54 of the previous rules; Rule 54(a)(3) is identical to current Rule 7(2)(c).

the appeal falls under M. R. App. P. 7(2)(d), this Court has held that for a case to fall under M. R. App. P. 7(2)(d), the parties must file a joint motion to mediate; unilateral motions to designate for mediation under M. R. App. P. 7(2)(d), even without noted objection from opposing counsel, will not be considered. *Kuzara v. Musselshell Cty.*, 2008 MT 124, ¶ 4, 342 Mont. 547, 182 P.3d 739.

IT IS THEREFORE ORDERED that Appellant's Supplemental Notice of Appeal, including its assertion that this matter was not subject to the mandatory appellate alternative dispute resolution set forth in M. R. App. P. 7, is ACCEPTED AS FILED.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this _____ day of May, 2022.

_____

_____

_____

_____

_____
Justices