

FILED

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0131

## IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0131

ALLEN MUNRO and LINDA MUNRO,

Plaintiffs and Appellees,

v.

JOHN MUNRO,

Defendant and Appellant.

FILED

MAY 2 3 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Plaintiffs and Appellees Allen Munro and Linda Munro, via counsel, move to dismiss the appeal of Appellant John Munro for failure to substantially comply with mandatory appellate alternative dispute resolution as required by M. R. App. P. 7. Allen and Linda further move this Court to cancel the scheduled mediation and to impose any fees accrued against John. They have also separately moved for sanctions. John has responded, via counsel, in opposition to Allen and Linda's motions.

M. R. App. P. 7(5) sets forth the process by which parties to any appeal subject to Rule 7 must follow. Rule 7(5)(f) provides that parties must serve a written statement of position that substantially complies with Form 7 in the Appendix of Forms and contains, at a minimum, a statement of issues on appeal and the manner in which each issue was preserved; a statement of the standard of review applicable to each issue; the position of the party with respect to each issue, with citations to legal authority; and a copy of the order or judgment from which the appeal is taken. Allen and Linda assert that John's statement of position failed to comply with Rule 7(5)(f).

In response, John's current counsel does not deny that the statement of position, submitted by John's previous counsel, failed to comply with Rule 7(5)(f). Rather, he asserts that the statement was sufficiently "detailed and effective" to allow mediation to

proceed—although the mediation, which occurred in the interim between Allen and Linda's motion to dismiss and John's response, was ultimately unsuccessful.

Since the inception of the mandatory appellate alternative dispute resolution process, this Court has maintained that the provisions are self-executing, and "this Court will not insert itself in the process except under unusual or extraordinary circumstances." *Harwood v. Glacier Elec. Coop.*, 282 Mont. 38, 39, 939 P.2d 981, 981-982 (1997). We decline to do so here, nor will we entertain the related motion for sanctions. This Court will not consume its resources disposing of motion practice regarding the mandatory appellate dispute resolution process. *Guang Xiang Liang v. Lai*, 2003 MT 281, ¶ 8, 317 Mont. 524, 78 P.3d 1212.

IT IS THEREFORE ORDERED that the motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the motion for sanctions is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this ____ day of May, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

2